IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONATHAN MACK

**Plaintiff**

**COMPLAINT**

vs.

**ROBERT KEENER and THE UNITED
STATES OF AMERICA**

**Defendants.**

Plaintiff, Jonathan Mack, by way of complaint against the Defendants, Robert Keener
and the United States of America, says:

## PARTIES

1.      At all times hereinafter mentioned, the Plaintiff, Jonathan Mack, was an adult
individual whose address is 1243 Fountain Road, Suite C, Newtown, PA 18940.

2.      The Defendant, Robert Keener, is an adult individual whose address is 17 Cottage
Place Drive, Robbinsville, NJ, 08691.

3.      The United States Postal Service is an independent agency of the Executive
branch of the United States federal government responsible for providing postal service
throughout the United States.

4.      At all times hereinafter mentioned, the Defendant, Robert Keener, was acting in
his official capacity as an agent and employee of the United States and the United States Postal
Service.

## JURISDICTION AND VENUE

5.      This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* and
Plaintiff has complied with all administrative prerequisites to filing suit. Liability of the United
States is predicated upon personal injuries and economic damages sustained by the Plaintiff that

were caused by negligent, wrongful acts and/or omissions of an employee of the United States.

6.   This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, in that Plaintiffs claim against Defendant arises under the Federal Tort Claims Act and pursuant to 28 U.S.C. § 1346 in that this Court has original jurisdiction over all claims against the United States of America for personal injuries caused by the negligent or wrongful act or omission of any employee of the government while acting in the scope of his office or employment.

7.   Venue is proper in the District of New Jersey pursuant to 28 U.S.C § 1402(6), in that the conduct complained of occurred in the District of New Jersey.

## BACKGROUND

8.   On or about October 21, 2017, Plaintiff Jonathan Mack was operating his vehicle on Quakerbridge Road near Sloan Avenue in Hamilton Township, NJ.

9.   At the same time, Defendant Robert Keener was operating his vehicle, owned by the United States of America and the United States Postal Service, on Quakerbridge Road near Sloan Avenue in Hamilton Township, NJ.

10.   Plaintiff was stopped at a red traffic signal and intending to make a right turn.

11.   After the traffic signal turned green, Plaintiff started to move forward in his vehicle to make a right turn and noticed a pedestrian attempting to cross the street.

12.   In order to avoid hitting the pedestrian, Plaintiff stopped to allow the pedestrian to cross the street and was struck in the rear by a United States Postal Service vehicle operated by Robert Keener.

13.   As a result of Plaintiffs vehicle being struck from behind, Plaintiff was injured.

## COUNT I- NEGLIGENCE

14.   Plaintiff incorporates the allegations set forth in paragraphs 1-13 as though set forth at length herein.

15.   The aforesaid motor vehicle collision was caused by the carelessness and negligence

of the Defendants in the following manner:

       (a)     failure to have Defendants' motor vehicle under proper and adequate control under the circumstances;

       (b)     operating his vehicle while being distracted and not realizing that the vehicle in front of him had come to a stop while he continued to proceed;

       (c)     failing to make proper observation of vehicles that were in front of him;

       (d)     failure to keep his eyes on the road at all times;

       (e)     failure to have due regard for the point and position of said motor vehicle containing the Plaintiff;

       (f)     failing to come to a complete stop for traffic in front of his vehicles;

       (g)     failing to observe the traffic conditions around him;

       (h)     operating defendants' vehicle at an excessive rate of speed;

       (i)     otherwise failing to exercise due care under the circumstances;

       (j) such other acts of carelessness and negligence as will appear in the course of discovery conducted pursuant to the Federal Rules of Civil Procedure and at the time of trial in this case.

16.     As a result of the Defendant's negligence and carelessness, Plaintiff sustained injuries in and about his body as well as an exacerbation of prior injuries, which are or may be serious, severe, and permanent.

17.     Additionally, Plaintiff may have or may be suffering from mental anguish and may be or continue to be prevented from attending to Plaintiffs usual activities, duties, and occupations.

18.     Plaintiff has incurred or may continue to incur various medical expenses in and about an effort to cure Plaintiff of the aforesaid injuries.

19.     As a result of the Defendant's negligence and carelessness, Plaintiff has to undergo various medical procedures.

20.     As a result of the Defendant's negligence and carelessness, Plaintiff has incurred out-of- pocket costs, co-pays, and deductibles due to the injuries sustained and medical treatment required.

21.     As a result of the Defendant's negligence and carelessness, Plaintiff has sustained a loss of earnings and earning capacity and may, in the future, incur additional loss of wages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for compensatory damages, together with interest and costs of the suit, in an amount not in excess of $150,000.00.

**KAMENSKY, COHEN & RIECHELSON**
Attorneys for the Plaintiff

By:        _____

KEVIN S. RIECHELSON, ESQUIRE
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585 (phone)
(609) 394-8620 (fax)
kriechelson@kcrlawfirm.com